IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM FRANKLIN HALL,  )
                        )   Civil No. 04-17-ST
        Petitioner,     )
                        )
    v.                  )
                        )
BOARD OF PAROLE AND POST- )
PRISON SUPERVISION,     )
                        )   FINDINGS AND RECOMMENDATION
        Respondent.     )

    Anthony D. Bornstein
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Douglas Y.S. Park
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He alleges the Oregon Board of Parole and Post-Prison Supervision ("Parole Board") violated his right to due process of law when it designated him as a Predatory Sex Offender ("PSO"). For the reasons set forth below, the Petition for Writ of Habeas Corpus (docket #1) should be denied.

## BACKGROUND

On December 15, 1989, petitioner was convicted in three cases of two counts of Rape in the First Degree, one count of Sodomy in the First Degree, and two Counts of Sexual Abuse in the First Degree. Respondent's Exhibit 101. Petitioner's primary sentences for Rape consisted of two consecutive indeterminate prison terms of nine years each with 16-month and 24-month minimums, respectively. Id. The first set of sentences expired in 1998.

Petitioner was released on parole on April 7, 1994, and placed on inactive parole supervision on July 30, 1997. Respondent's Exhibit 103, pp. 28, 42, 45. On March 9, 1999, the Parole Board ordered that petitioner be returned to active supervision based on his failure to obey all laws. Id at 45A-46.

In September 1999, petitioner's supervising parole officer performed a "Sex-Offender Assessment" and informed petitioner in writing that the Parole Board intended to designate him as a PSO. Id at 47. Petitioner was advised that he had the right to file

written objections, and he submitted his written objections the same day. Id at 48. On October 7, 1999, the Parole Board designated petitioner as a PSO and returned him to active supervision. Id at 50-51.

On November 13, 1999, petitioner requested administrative review of the "Board Actions dated 03/09/1999 and 10/07/1999." Id at 78-79. With one exception not relevant to this case, on February 3, 2000, the Parole Board upheld all aspects of its challenged decisions. Id at 96.

Petitioner directly appealed the Parole Board's administrative review decision. The Oregon Court of Appeals affirmed the decision without opinion, and the Oregon Supreme Court denied review. Hall v. Board of Parole, 183 Or.App. 659, 54 P.3d 1053, rev. denied, 335 Or. 195, 64 P.3d 1053 (2002).

Petitioner filed this habeas corpus action on January 12, 2004. In his memorandum, petitioner clarifies that he seeks to present two grounds for relief in this case. Specifically, he alleges that the Parole Board denied him due process of law because it: (1) did not provide him with an evidentiary hearing prior to its designation of him as a PSO; and (2) lacked sufficient evidence to designate him as a PSO.
///
///
///

3 - FINDINGS AND RECOMMENDATION

**DISCUSSION**

Respondent first asks the court to deny relief on the Petition because petitioner failed to fairly present his due process claims to the Oregon state courts in a procedural context in which the merits of the claims would be considered. Specifically, respondent argues that because petitioner failed to raise any federal due process claims to the Parole Board during his administrative review, any such claims were not preserved for appellate review. Petitioner has not responded to this argument.

**A. Standards**

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. Rose v. Lundy, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" Casey v. Moore 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting Vasquez v. Hillery, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have not been fairly presented to the state courts and are therefore not

eligible for federal habeas corpus review. Castille v. Peoples, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman v. Thompson, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. Gray v. Netherland, 518 U.S. 152, 162 (1996); Sawyer v. Whitley, 505 U.S. 333, 337 (1992); Murray v. Carrier, 477 U.S. 478, 485 (1986).

**B.   Analysis**

Under Oregon law, "[f]or an issue to be preserved for purposes of appeal, it must have been raised with sufficient clarity in the trial court to put the trial court on notice that it needs to rule on the issue and for the opposing party to have an opportunity to address the issue." Ploplys v. Bryson, 188 Or.App. 49, 58, 69 P.3d 1257 (2003). As respondent points out, Oregon's preservation requirement also extends to appeals from Parole Board decisions. Woolstrum v. Board of Parole, 141 Or.App. 332, 336-37, 918 P.2d 112 (1996)(refusing to entertain claim which had not been presented to

5 - FINDINGS AND RECOMMENDATION

the Parole Board during administrative review); Toriano v. Board of Parole, 144 Or.App. 325, 326, 925 P.2d 167 (1996) (same).

As previously noted, on November 13, 1999, petitioner sought administrative review of the Parole Board's March 9, 1999 decision changing his supervision status from inactive to active, as well as its October 7, 1999 decision designating him as a PSO. Respondent's Exhibit 103, pp. 78-79. Petitioner did not allege that he was denied an evidentiary hearing prior to his designation as a PSO, nor did he claim that the Parole Board's decision to designate him as a PSO was not supported by the evidence. In his request for administrative review, petitioner did not allege that he had been denied his right to due process in any way.

In its response to petitioner's request for administrative review, the Parole Board characterized petitioner as "seek[ing] review of a parole violation sanction, his return to active supervision, the fact he is being ordered to do sex offender treatment and the fact that the most recent parole order includes charges from case number CM890307." Id at 96. Because the Parole Board made no mention of any claims similar to the ones petitioner presents here, it does not appear that it was on notice of the due process claims at issue in this case.

Moreover, petitioner acknowledged his failure to properly present his due process claims to the Parole Board when he filed his Petition for Review with the Oregon Supreme Court. Petitioner

noted that "[a]lthough petitioner did not explicitly invoke his due process rights or expressly request a hearing from the board, the case is otherwise free from factual disputes or procedural obstacles which might prevent this court from reaching the merits of the legal issue." Respondent's Exhibit 109, p. 7.

Because petitioner failed to present his due process claims to the Parole Board during administrative review, they were presented to the Oregon Court of Appeals in a context in which the merits would not be considered. Because the time for presenting these claims to Oregon's courts passed long ago, the claims are now procedurally defaulted. Petitioner has not attempted to demonstrate cause and prejudice to overcome his default.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (docket #1) should be DENIED, and judgment should enter DISMISSING this case with prejudice.

## SCHEDULING ORDER

Objections to this Findings and Recommendation, if any, are due October 21, 2005. If no objections are filed, then the Findings and Recommendation will be referred to a district court judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings

and Recommendation will be referred to a district court judge and go under advisement.

DATED this 5th day of October, 2005.

                                        s/   Janice M. Stewart
                                                Janice M. Stewart
                                                United States Magistrate Judge